IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK E. L., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 22-cv-00241-SH |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is the Commissioner's motion to dismiss, which has been converted into a motion for summary judgment. (ECF Nos. 16-17.) The Commissioner asks the Court to dismiss Plaintiff's complaint as untimely. Plaintiff did not respond to the Commissioner's original motion to dismiss. Plaintiff again failed to respond after the Court converted the motion to one for summary judgment and gave Plaintiff additional time to respond. For the reasons explained below, the Court grants the motion.

**Background**

In February 2019, Plaintiff applied for disability benefits under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-434, 1381-1383f. (ECF No. 16-1 at 5-15.[1]) Plaintiff's claims for benefits were denied initially and on reconsideration (*id.* at 16-34); he requested a hearing (*id.* at 35-36); the ALJ held a hearing and found Plaintiff not disabled (*Id.* at 35-54); the Appeals Council denied Plaintiff's request for review (*id.* at 55-61); and Plaintiff then appealed to this Court, *see* Compl., ECF No. 2, No. 21-cv-8-CDL (N.D. Okla. Jan 7, 2021) ("*Mark I*"). In *Mark I*, the Commissioner filed a motion to

---

[1] Page numbers refer to the page provided in the court-assigned header.

remand for further administrative proceedings.  *See* ECF No. 10, No. 21-cv-8-CDL (N.D. Okla. May 28, 2021).  The Court granted the motion and entered judgment reversing and remanding for further proceedings.  (ECF No. 16-1 at 62-63.)

On remand, the Appeals Council sent the case back to an ALJ to address certain questions and to issue a new decision.  (*Id*. at 64-69.)  A new ALJ held another hearing and issued a decision on January 28, 2022, again finding Plaintiff not disabled.  (*Id*. at 70-92.)  The notice of decision was mailed that same date and advised—absent Appeal Council review—it would become final on the 61st day following the date of the notice.  (*Id*. at 4, 71.)  The notice further advised that, after the decision became final, Plaintiff would have 60 days to file a federal civil action.  (*Id*. at 71; *see also id*. at 71-72 ("If you think my decision is wrong, you should . . . file a new civil action between the 61st and 121st days after the date of this notice.")).  Plaintiff filed this current appeal on June 2, 2022 (ECF No. 2), 125 days later.

## Legal Standards

"Any individual, after any final decision of the Commissioner . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow."  42 U.S.C. § 405(g).  This filing deadline is a statute of limitations, not a jurisdictional bar.  *See Bowen v. New York*, 476 U.S. 467, 478 (1986).  Because it is a condition on the waiver of sovereign immunity, the statute of limitations must be strictly construed, but it may be equitably tolled.  *Id*. at 479-80.  Plaintiff bears the burden of making the requisite showing for any equitable tolling.  *See Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036-37 (8th Cir. 2019).

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, and the Court draws all reasonable inferences in favor of the non-movant. *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022). Here, Defendant seeks summary judgment on its affirmative defense of the statute of limitations. In such circumstances, where "there is no genuine issue as to any material fact in connection with such statute, . . . then the motion for summary judgment should be granted." *Sevastopoulous v. Wells Fargo Bank, N.A.*, --- F. Supp. 3d ---, 2022 WL 5164885, at *2 (D. Utah Oct. 5, 2022).

**Analysis**

**I.    Plaintiff's Complaint Was Not Timely Filed.**

The procedure for appealing an ALJ's decision depends on the posture of the case. Where, as here, a case has been remanded by a federal court for further consideration, the Commissioner has various options, including to "remand the case to an [ALJ] . . . with instructions to take action and issue a decision . . . ." 20 C.F.R. § 404.983(a).[2] That is what happened in this case. (ECF No. 16-1 at 66-67.) In that circumstance, the ALJ's decision on remand "will become the final decision of the Commissioner . . . unless the Appeals Council assumes jurisdiction of the case." *Id.* § 404.984(a).[3]

---

[2] *See generally* 20 C.F.R. § 416.1483 for Title XVI.  (Where possible, the body of this opinion will reference the Title II regulations and provide, the first time mentioned, a parallel citation for Title XVI.)

[3] *See generally* 20 C.F.R. § 416.1484(a)

3

There are two ways in which the Appeals Council may assume jurisdiction. First, within 30 days of receipt of the decision, the claimant may file exceptions to the ALJ's decision with the Appeals Council (or seek an extension of time to file such exceptions). *Id.* § 404.984(b)(1). There is no evidence in the summary judgment record indicating Plaintiff ever filed such an exception. Instead, Plaintiff's complaint only mentions the January 2022 ALJ decision as the Commissioner's final decision and alleges he has exhausted his administrative remedies. (ECF No. 2 at 1 & ECF No. 2-1.) Second, the Appeals Council may assume jurisdiction without any exceptions being filed by the claimant. *Id.* § 404.984(c). This must happen within 60 days after the date of the hearing decision, and notice of such an assumption of jurisdiction will be mailed to all parties. *Id.* Again, there is no evidence in the record indicating the Appeals Council assumed such jurisdiction, and the complaint does not reference any such assumption.

If exceptions are not filed, and the Appeals Council does not assume jurisdiction on its own, then the ALJ decision "becomes the final decision of the Commissioner after remand." *Id.* § 404.984(d). In this case, therefore, the ALJ's decision became final 61 days after the January 28, 2022 decision—that is, on March 30, 2022, and Plaintiff could immediately file this civil action for review. Plaintiff's deadline to file this suit was 60 days from the date the decision became final. *See* 42 U.S.C. § 405(g); *see also Walker-Butler v. Berryhill,* 857 F.3d 1, 3 (1st Cir. 2017) ("§ 405(g)'s sixty-day time limit must necessarily begin to run from the day the ALJ's decision automatically transforms into

the final decision of the Commissioner"). Due to the Memorial Day holiday, Plaintiff had until Tuesday May 31, 2022, in which to file this case.[4]

Plaintiff did not file his complaint until June 2, 2022 (ECF No. 2), two days after the statute of limitations had expired. Plaintiff's complaint was not timely filed, and the Commissioner is entitled to judgment, unless there is a basis to equitably toll the limitations period.

## II. There is No Basis for Equitable Tolling.

The 60-day filing requirement in § 405(g) may be equitably tolled. *Bowen*, 476 U.S. at 480. A litigant may be entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applying equitable tolling in the context of federal habeas review); *see Thompson*, 919 F.3d at 1036-37 (applying test in social security context without deciding whether a stricter test might apply). The second prong of the equitable tolling test is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe v. United States,* 577 U.S. 250, 257 (2016) (applying equitable tolling in context of federal contract dispute law).

Plaintiff has failed to make any showing of entitlement to equitable tolling—indeed, he has failed to respond at all to the Commissioner's original motion or after the Court converted it into one for summary judgment. Instead, the Court is left with a record

---

[4] Sixty days from March 30, 2022, would be Sunday, May 29, 2022. The next day was Memorial Day. Because the last day for filing fell on the weekend, the time was extended to the next day that is not a weekend or holiday, so Tuesday May 31, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

showing that the Commissioner gave Plaintiff ample notice of the deadlines for filing his claim and opportunities to extend that time, if necessary.  As noted in the ALJ's notice of decision attached to the complaint:

> **Filing An Action In Federal District Court**
>
> If you do not file written exceptions and the Appeals Council does not review my decision on its own, my decision will become final on the 61st day following the date of this notice.  After my decision becomes final, you will have 60 days to file a new civil action in Federal district court.  You will lose the right to a court review if you do not file a civil action during the 60-day period starting with the day my decision becomes final.  However, you can ask the Appeals Council to give you more time to file a civil action.  The Appeals Council will grant your request for more time only if you can show a good reason for needing more time. We will not send you any more notices about your right to file in Federal district court.

(ECF No. 2-1 at 2.)

## Conclusion

The undisputed material facts show that Plaintiff failed to file the current case within the time provided by the statute of limitations.  Plaintiff has offered no basis on which to equitably toll this deadline.  The Commissioner is entitled to summary judgment on Plaintiff's claims.

IT IS THEREFORE ORDERED that *Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* (ECF No. 16), as converted to a motion for summary judgment by ECF No. 17, GRANTED.

ORDERED this 21st day of June, 2023.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT